UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ROLANDO LUIS,
and other similarly situated individuals,

      Plaintiff,

v.

VMSB, LLC
d/b/a CASA CASUARINA
d/b/a GIANNI'S

      Defendant
_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ROLANDO LUIS, by and through the undersigned counsel, and hereby sues Defendant VMSB, LLC d/b/a CASA CASUARINA, d/b/a GIANNI'S and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff ROLANDO LUIS is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant VMSB, LLC d/b/a CASA CASUARINA, d/b/a GIANNI'S (hereinafter CASA CASUARINA, or Defendant) is a Florida corporation which has a place of business within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate

commerce. The Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

5. This cause of action is brought by Plaintiff as a collective action to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and  former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after October 2016 (the "material time") without being compensated overtime wages pursuant to the FLSA.

6. Defendant CASA CASUARINA is an Italian/Mediterranean located at 1116, Ocean Drive, Miami Beach, Florida 33139, where Plaintiff worked.

7. Defendant CASA CASUARINA employed Plaintiff ROLANDO LUIS as a non-exempt, hourly, full-time restaurant employee, from on or about October 26, 2016, 2016, through approximately July 29, 2019, or 144 weeks.  However, for FLSA purposes Plaintiff's relevant period of employment is 142 weeks.  Plaintiff did not work more than forty (40) hours the last 2 weeks of employment.

8. Plaintiff was a non-exempted, full-time, hourly prep-cook, and for 128 weeks his wage rate was $11.00 an hour. Plaintiff had a wage-rate increase to $13.00 an hour for the last 16 weeks of employment.

9.  During his time of employment with Defendant, Plaintiff worked 5 or 6 days per week. Plaintiff had a regular schedule and he worked 40 or more hours, per week. Plaintiff was paid his regular and overtime hours correctly.

10. However, Plaintiff alleges that during his time of employment, every week Defendant improperly and automatically deducted 2.5 hours weekly from compensable time as lunchtime taken, regardless the fact that Plaintiff was unable to take bonafide lunch breaks.

11. Those 2.5 hours automatically deducted from compensable time as lunchtime by the Defendant, constitute 2.5 additional overtime hours that were never paid to Plaintiff. In weeks in which Plaintiff worked more than 5 days/40 hours, in weeks in which Plaintiff worked 6 days, the lunchtime represented three (3) unpaid overtime hours. Defendant improperly and automatically deducted from Plaintiff's wages 2.5 or 3 hours of lunchtime that Plaintiff did not take.

12. Plaintiff clocked in an out and the Defendant was able to track the hours worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid bi-weekly by direct deposits.

15. On or about July 29, 2019, Defendant terminated Plaintiff's employment due to discriminatory reasons. Plaintiff is in the process of filing his Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

16. Plaintiff is not in possession of time and payment records, but he is going to provide a good faith estimate based on a workweek of 5 days.

17. Plaintiff ROLANDO LUIS seeks to recover a minimum of 2.5 unpaid overtime hours in weeks of 5 days, and 3 unpaid overtime hours in workweeks of 6 days, corresponding to unproperly deducted lunchtime during all the relevant weeks that he worked for Defendant, as well as liquidated damages, attorney fees, and any other relief as allowable by law.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

18. Plaintiff ROLANDO LUIS re-adopts every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This action is brought by Plaintiff and those similarly-situated to recover from the Employers CASA CASUARINA unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half-time the regular rate at which he is employed."

20. At all times pertinent to this Complaint, Defendant CASA CASUARINA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). The Defendant is a retail business performing as an Italian Mediterranean restaurant, catering mostly to tourist customers. At all times, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. At all times Defendant had more than two employees regularly engaged in interstate commerce The Employer/Defendant obtains and solicits

funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

21. The Plaintiff's work for the Defendant likewise affected interstate commerce. Plaintiff was employed by an enterprise engaged in interstate commerce, and through his daily activities, he regularly engaged in interstate commerce when he handled and worked on goods and materials that had been produced for commerce and moved in interstate commerce at any stage of the business. Therefore, there is FLSA individual coverage.

22. Defendant CASA CASUARINA employed Plaintiff ROLANDO LUIS as a non-exempt, hourly, full-time restaurant employee, from on or about October 26, 2016, 2016, through approximately July 29, 2019, or 144 weeks. However, for FLSA purposes Plaintiff's relevant period of employment is 142 weeks. Plaintiff did not work more than forty (40) hours the last 2 weeks of employment.

23. Plaintiff was a non-exempted, full-time, hourly prep-cook, and for 128 weeks his wage rate was $11.00 an hour. Plaintiff had a wage-rate increase to $13.00 an hour for the last 16 weeks of employment.

24. During his time of employment with Defendant, Plaintiff worked 5 or 6 days per week. Plaintiff had a regular schedule and he worked 40 or more hours, per week. Plaintiff was paid his regular and overtime hours correctly.

25. However, Plaintiff alleges that during his time of employment, every week Defendant improperly and automatically deducted 2.5 hours weekly from compensable time as lunchtime taken, regardless the fact that Plaintiff was unable to take bonafide lunch breaks.

26. Those 2.5 hours automatically deducted from compensable time as lunchtime by the Defendant, constitute 2.5 additional overtime hours that were never paid to Plaintiff, in weeks in which Plaintiff worked more than 40 hours, in weeks in which Plaintiff worked 6 days, the lunchtime represented three (3). Defendant improperly and automatically deducted from Plaintiff's wages 2.5 or 3 hours as lunchtime.

27. Plaintiff clocked in an out and the Defendant was able to track the hours worked by Plaintiff and other similarly situated individuals.

28. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

29. Plaintiff was paid bi-weekly by direct deposits.

30. On or about July 29, 2019, Defendant terminated Plaintiff's employment due to discriminatory reasons. Plaintiff is in the process of filing his Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

31. Plaintiff is not in possession of time and payment records, but he is going to provide a good faith estimate based on a workweek of 5 days.

32. The records, if any, concerning the number of hours worked by Plaintiff ROLANDO LUIS, and all others similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon

information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

33.  Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

35.  Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

36. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

   *Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modification as time and payment records could dictate.

    a.  <u>Total amount of alleged unpaid overtime wages</u>:

        Five Thousand Nine Hundred Sixty-Two Dollars and 50/100 ($5,962.50)

    b.  <u>Calculation of such wages</u>:

        Total time of employment: 144 weeks
        Total relevant period of employment: 142 weeks
        Total hours worked: more than 40 hours weekly
        Unpaid overtime hours:  2.5 O/T hours (lunchtime 0.5 hr. x 5 days)

        **1.- Overtime calculations for 128 weeks paid @ $11.00 an hour**

        Total relevant period of employment: 128 weeks
        Total hours worked: more than 40 hours weekly
        Unpaid overtime hours:  2.5 O/T hours (lunchtime 0.5 hr. x 5 days)
        Regular rate: $11.00 x 1.5=$16.50
        O/T rate:  $16.50

        O/T rate $16.50 x 2.5=$41.25 weekly x 128 weeks=$5,280.00

        **2.- Overtime calculations for 14 weeks paid @ $13.00 an hour**

Total relevant period of employment: 14 weeks
Total hours worked: more than 40 hours weekly
Unpaid overtime hours:  2.5 O/T hours (lunchtime 0.5 hr. x 5 days)
Regular rate: $13.00 x 1.5=$19.50
O/T rate:  $19.50

O/T rate $19.50 x 2.5=$48.75 weekly x 14 weeks=$682.50

Total 1 and 2:  $5,962.50

    c.  <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents the unpaid overtime wages.

37. At all times material hereto, the Employer/Defendant CASA CASUARINA failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

38. Defendant CASA CASUARINA knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

39. Defendant CASA CASUARINA willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ROLANDO LUIS and those similarly situated individuals respectfully request that this Honorable Court:

A.  Enter judgment for Plaintiff ROLANDO LUIS and other similarly situated and against the Defendant CASA CASUARINA based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff ROLANDO LUIS and those similarly situated demand trial by jury of all issues triable as of right by jury.

Dated:  November 8, 2019

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*